James S. SORRELS, Individually and as Administrator of the Estate of Lucy C. Sorrels, Plaintiff,

v.

SEARS, ROEBUCK & CO., a New York Corporation, and United Mills Corporation, a/k/a, Gilead Manufacturing Corporation, a New York Corporation and a North Carolina Corporation, Defendants.

Civ. A. No. 78–412.

United States District Court, D. Delaware.

Dec. 7, 1979.

Eliot Alazraki, Woloshin & Tenenbaum, P.A., Wilmington, Del., for plaintiff.

Howard M. Berg, Berg, Aber, Heckler & Wyatt, P.A., Wilmington, Del., for defendant Sears, Roebuck & Co.

Robert G. Carey, Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, Del., for defendant United Mills Corp., a/k/a Gilead Mfg. Corp.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Posed for decision are plaintiff's motion for leave to amend his complaint to change the name of one of the defendants and defendant's motion to dismiss the complaint as barred by the statute of limitations. Both motions turn on the same issue—whether, under Rule 15(c) of the Federal Rules of Civil Procedure, plaintiff's amendment can relate back to the date of the original complaint. For the reasons set forth below, plaintiff's motion will be granted and defendant's motion denied.

A brief description of the factual background of this action and the manner in which it came to be brought against the named defendants is necessary to a proper understanding of the issue herein involved. On October 21, 1976, plaintiff's wife was seriously burned while preparing dinner at her home; she died as a result of her injuries on February 3, 1977. Plaintiff, contending that the nightgown his wife was wearing at the time ignited, causing her injuries and death, instituted this action on October 5, 1978 against Sears, Roebuck and Company, from whom the nightgown was allegedly purchased, and the other named defendant, "United Mills Corporation, a/k/a Gilead Manufacturing Corporation, a New York corporation and a North Carolina corporation," the alleged manufacturer of the garment. It is agreed that certain of plaintiff's claims are subject to a statute of limitations of two years, under 10 *Del.C.* §§ 8107, 8119. In September, 1978, plaintiff's counsel had contacted the Federal Trade Commission and asked that it trace the manufacturer of Registered Identification Number RN15435, found on a tag on

the decedent's nightgown.[1] The Federal Trade Commission reported that United Mills Corporation, Mt. Gilead, North Carolina, had been assigned that number. Counsel then contacted United Mills Corporation at its Mt. Gilead office and was told that United Mills Corporation was presently using the name "Gilead Manufacturing Corporation" and that its corporate offices were in New York. The New York offices furnished plaintiff's counsel with the name of its corporate counsel. On October 4, 1978, plaintiff's counsel spoke with James Pollak, Esq., and informed him of plaintiff's claim.[2] On October 5, 1978, a complaint was filed in this Court against Sears, Roebuck and Company and "United Mills Corporation a/k/a Gilead Manufacturing Corporation, a New York corporation and a North Carolina corporation." Service on United Mills Corporation was accomplished via the Secretary of State of Delaware, pursuant to 10 *Del.C.* § 3104. Copies of the complaint addressed to United Mills Corporation were sent by registered mail by the Secretary's office and were received and accepted at the plant used by Gilead Manufacturing Corporation in North Carolina on October 21, 1978 and at Gilead's corporate office in New York on October 23, 1978. Copies of the complaint were also mailed by plaintiff's counsel and were received in both New York and North Carolina on October 23, 1978.

Through discovery, plaintiff learned that United Mills Corporation had only been incorporated in North Carolina and was merged into Flexees International, Inc., a Rhode Island corporation, in 1964 and that Flexees International, Inc., changed its name to Gilead Manufacturing Corporation, a Rhode Island corporation in 1971. Plaintiff then sought leave to amend his complaint, pursuant to Rule 15(c), to change the name of the defendant from "United Mills Corporation a/k/a Gilead Manufacturing Corporation, a New York corporation and a North Carolina corporation," to "Gilead Manufacturing Corporation, a Rhode Island corporation." United Mills Corporation opposes this motion and has filed a counter-motion to dismiss the complaint as barred by the statute of limitations. As noted above, both motions turn on the issue of relation back of plaintiff's amendment.

Rule 15(c) states in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning

1. Under the Textile Fiber Products Identification Act, 15 U.S.C. § 70 *et seq.,* all textile fiber products are required, *inter alia,* to contain either the name of the manufacturer of the product or an identification number issued and registered by the Federal Trade Commission. 15 U.S.C. § 70b(b)(3). The procedures for obtaining a registered identification number are set forth at 16 C.F.R. § 303.201 (1979). While the Legislative History of this Act does not explain why the manufacturer's name or identification number was specifically required, the overall purpose of the legislation was to "protect the consuming public." S.Rep. No. 1658 (June 6, 1958), reported in 1958 *U.S.Code Cong. and Admin.News,* p. 5165.

2. Plaintiff's counsel contends Mr. Pollak informed him that United Mills Corporation was doing business under the name of Gilead Manufacturing Corporation and that he informed Mr. Pollak of the institution of the action. Mr. Pollak denies both contentions, claiming that United Mills Corporation was never discussed. Plaintiff relies, in part, upon this conversation as providing notice to Gilead Manufacturing Corporation within Rule 15(c). However, since notice of the "institution of the action" is required, *see Francis v. Pan American Trinidad Oil Company,* 392 F.Supp. 1252 (D.Del.1975); *Martz v. Miller Brothers Company,* 244 F.Supp. 246 (D.Del.1965); the October 4 conversation cannot constitute proper notice of an action not instituted until October 5. This conversation, though, can be considered by the Court in determining whether the third requirement of Rule 15(c) has been met. *See infra.*

the identity of the proper party, the action would have been brought against him.

■ Plaintiff's first contention is that this case should be treated as a simple misnomer of a party rather than the changing of parties, and that so long as the first sentence of Rule 15(c) is satisfied, the amendment should relate back. *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1498 at 513. The Court disagrees. This is not a case of mere misdescription of a party or in which a misspelling or omission in a corporate name is sought to be corrected. In this case, plaintiff wishes to change the defendant from a non-existent North Carolina corporation to a viable Rhode Island corporation. The "misnomer" exception to Rule 15(c) is not applicable under such circumstances. *See Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973); *Holden v. R. J. Reynolds Industries, Inc.,* 82 F.R.D. 157 (M.D.N.C.1979); *Dempsey v. The Shoe Show, Inc.,* 27 Fed.Rules Serv.2d 967 (M.D.N.C.1978); 6 Wright & Miller, *Federal Practice and Procedure,* § 1498 at 521.

■ Plaintiff's second contention is that the three requirements of Rule 15(c) for relation back of amendments have been met. There is no doubt the Rule's first provision has been satisfied. The claim asserted in the amended complaint is exactly the same as that set forth in the original pleading. The second requirement to be met when an amendment changes a party against whom a claim is asserted is "within the period provided by law for commencing the action against him, the party to be brought in by amendment . . . [must receive] such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits . . . ." A copy of the complaint was received at Gilead's North Carolina plant on October 21, 1978, the last day the action could be commenced. Thus, there appears to be compliance with the second requirement of Rule 15(c). *See Martz v. Miller Brothers Company,* 244 F.Supp. 246 (D.Del. 1965). Defendant contends, however, that such notice must be received at a corpora-

tion's home office rather than at its plant. Its sole authority for this assertion is the following language from the Supreme Court's decision in *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945):

> Nor can we say that the mailing of the notice of suit to appellant by registered mail at its home office was not reasonably calculated to apprise appellant of the suit."

326 U.S. at 320, 66 S.Ct. at 160.

It is clear this does not hold that notice of the institution of an action, as provided for in Rule 15(c), must be sent to a corporation's home office. Moreover, Rule 15(c) only requires that the party to be added receive such notice that it will not be prejudiced in maintaining its defense. Notice to Gilead's North Carolina plant was sufficient for this purpose. The lack of prejudice to Gilead in this matter is clear. It has been involved in defending this lawsuit from its inception, initiated an investigation of the matter by its insurer shortly after receiving notice of the action, and has fully participated in discovery.

Defendant also contends that the notice of October 21, 1978 was provided not to Gilead Manufacturing Corporation, but to United Mills Corporation, since the registered mail was addressed to United Mills Corporation. Even if this contention is true (it is noted that this mail, although addressed to United Mills Corporation, was received and accepted by Gilead), notice to United Mills Corporation constitutes notice to Gilead for Rule 15(c) purposes under the concept of "identity of interests." *See* 6 Wright & Miller, *Federal Practice and Procedure,* § 1499 at 516–22; *Jimenez v. Toledo,* 604 F.2d 99 (1st Cir. 1979). As recently articulated by the First Circuit Court of Appeals:

> The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or

other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced. . . . The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, *past and present forms of the same enterprise,* or co-executors of an estate.

604 F.2d at 102 (emphasis added). United Mills Corporation and Gilead Manufacturing Corporation are "past and present forms of the same enterprise" and in view of Gilead Manufacturing Corporation's acceptance of United Mills Corporation's mail at its plant, and the fact that Gilead Manufacturing Corporation personnel were aware that Gilead Manufacturing Corporation was previously known as United Mills Corporation, it is fair to presume, even if the notice of October 21, 1978 is deemed to have been provided to United Mills Corporation, that Gilead Manufacturing Corporation learned of the action shortly thereafter.

Having found that Gilead Manufacturing Corporation received notice of the institution of the action within the time provided by law for the commencement of the action, the Court now addresses the third requirement of Rule 15(c).[3] Within the period of limitations, the party to be added must either know or should have known that, "but for a mistake concerning the identity of the proper party, the action would have

been brought against him." Plaintiff has satisfied this requirement as well. As early as October 4, Gilead Manufacturing Corporation's general counsel was aware of plaintiff's claim and should have anticipated suit against Gilead Manufacturing Corporation.[4] Thus, Gilead Manufacturing Corporation "knew (or should have known) that [its] joinder was a distinct possibility." *Taliferro v. Costello,* 467 F.Supp. 33 (E.D.Pa.1979).

■ Also relevant to the third requirement is the fact that plaintiff only became aware of United Mills Corporation's possible involvement through the Federal Trade Commission Registration Number on the nightgown. Where a potential defendant misleads a plaintiff into thinking that another party should be sued, that defendant should not be able to claim surprise at its being brought into the action. This is not a case in which only one of two separate tort-feasors are sued; in such a situation, the unnamed party could assume plaintiff made a conscious choice not to sue him. *See e. g., Jimenez, supra; Francis v. Pan American Trinidad Oil Co.,* 392 F.Supp. 1252 (D.Del.1975). Moreover, the caption used by plaintiff in the instant case, United Mills Corporation a/k/a Gilead Manufacturing Corporation, was reasonably designed to apprise Gilead Manufacturing Corporation of its involvement in the action.

*Archuleta v. Duffy's Inc., supra,* heavily relied upon by defendant, is not inconsistent with the result reached in the instant case. In *Archuleta,* the party to be added did not receive notice of the institution of the action until six days after the statute of limi-

---

**3.** The Court, therefore, need not reach plaintiff's contention that service on the Delaware Secretary of State constituted notice to Gilead Manufacturing Corporation, within the meaning of Rule 15(c). It also expresses no view on the recent Second Circuit Court of Appeals decision in *Ingram v. Kumar,* 585 F.2d 566 (2nd Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), in which it was held that "under Rule 15(c) the period within which 'the party to be brought in' must receive notice of the action includes the reasonable period of time allowed under the federal rules for service of process." 585 F.2d at 571–72. *See also Washington v. T. G. & Y. Stores Co.,*

324 F.Supp. 849 (W.D.La.1971) (filing of complaint tolls statute of limitations period until service is made); *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973) (Doyle, J., dissenting) (period within which action must be commenced is tolled upon filing of complaint).

**4.** In Mr. Pollak's version of the conversation with plaintiff's counsel, United Mills Corporation was never discussed; he must have been notified, then, that plaintiff's claim was against Gilead Manufacturing Corporation. In fact, his affidavit states that plaintiff's counsel told him that the nightgown in question was "allegedly made by Gilead Manufacturing Corporation."

tations had expired. *See also Martz, supra* (notice of the institution of the action received one day after the expiration of the limitations period); *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973) (notice received four days too late).

Having concluded that the requirements of Rule 15(c) have been satisfied, the Court will enter an order granting plaintiff's motion to amend the complaint and denying defendant's motion to dismiss.[5]

5. This disposition makes it unnecessary to decide whether plaintiff's wrongful death action accrues from the accident or from his wife's death and whether it would be barred by the two-year statute of limitations.