Kenneth D. STEVENS, Plaintiff,

v.

**EMPLOYER–TEAMSTERS JOINT COUNCIL NO. 84 PENSION FUND, et al., Defendants.**

Civ. No. C–1–88–0862.

United States District Court, S.D. Ohio.

April 3, 1989.

Konrad Kuczak, Dayton, Ohio, for plaintiff.

John Doll, Dayton, Ohio, Louis Solimine, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendant Employer–Teamsters Joint Council No. 84 Pension Fund's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and (1) for plaintiff Kenneth D. Stevens' failure to state a claim for which relief can be granted and this Court's lack of subject matter jurisdiction over the action (doc. no. 9). Plaintiff has filed a memorandum in opposition to the motion (doc. no. 10) and defendant has replied (doc. no. 12). For the reasons set forth herein, defendant's motion to dismiss plaintiff's ERISA claim is GRANTED and the Court reserves judgment on the Labor–Management Relations Act jurisdictional question until such time as plaintiff files a second amended complaint.

### Procedural Background

The amended complaint (doc. no. 2) was filed by Kenneth D. Stevens (Stevens) against Employer–Teamsters Joint Council No. 84 Pension Fund (Joint Council 84) and Central States, Southeast and Southwest Areas Pension Fund (Central States) alleging, that in denying his application for pension benefits, defendants acted arbitrarily, capriciously and discriminatorily. Stevens claims jurisdiction of this Court based on the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132, and Section 301(a) of the Labor Relations Act of 1947 (LMRA), as amended, 29 U.S.C. Section 185(a).

The following facts are not disputed: Joint Council 84 and Central States were parties to a "reciprocal agreement". Stevens was employed as a truck driver for Beatty Motor Express (n/k/a Womeldorf, Inc.) from 1958 through 1979. On December 22, 1980 Stevens applied to Central States for retirement benefits. On September 9, 1987 Joint Council 84 denied Stevens' application. On September 6, 1988 Central States informed Stevens that it could not grant him service credit for the period between 1961 and 1965 since during that time he worked in Joint Council 84's jurisdiction. Stevens appealed the denial to Joint Council 84's Board of Trustees in accordance with the administrative appellate procedures established by the plan. Stevens appeared and gave testimony to the Board of Trustees on March 4, 1988. The Board denied Stevens' appeal in a letter dated September 30, 1988. Stevens has exhausted his administrative remedies and appeals as they apply to Joint Council 84.

The following issues are disputed: Whether Stevens was an eligible beneficiary of the "reciprocal agreement"; whether Stevens served as a truck driver in Hamilton County, Ohio to earn service credits; whether Stevens had a break in service between April 1961 and May 1966, a time during which, according to the findings of Joint Council 84's Board of Trustees, Beatty Motor Express neither listed Stevens on its "Report and Remittance Form" filed with Joint Council nor made contributions to the fund on his behalf; and whether Stevens has exhausted his administrative remedies as they pertain to Central States.

It should be noted at this time that Central States has put forth the affirmative defense that it has properly relied on all determinations made by Joint Council 84 in connection with Stevens' claims for retirement benefits and has not filed a motion to dismiss.

*Dismissal Under Fed.R.Civ.P. 12(b)(6)*

To survive a 12(b)(6) motion, the complaint need only comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). The object of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). When scrutinizing the complaint, well pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

*Applicability of ERISA*

ERISA was enacted by Congress to provide greater protection of employees covered by benefit plans. 29 U.S.C. 1001(a). The Act was signed into law on September 2, 1974 and became effective on January 1, 1975. 29 U.S.C. 1144(a). ERISA was to supersede any then existing state law as it pertained to employee benefit plans *except* "any cause of action which arose, or any act or omission which occurred before January 1, 1975". 29 U.S.C. 1144(b)(1).

Stevens asserts that he is entitled to relief under the provisions of ERISA. Joint Council puts forth the argument that, although its 1980 and 1988 denials of benefits to Stevens occurred after ERISA's effective date, the acts or omissions which Stevens complains of occurred between 1961 and 1966 and therefore ERISA is not applicable to this action. The issue before this Court is whether the circumstances surrounding Joint Council 84's determination that Stevens had a break in service between 1961 and 1965, which ultimately prevented him from accruing the 15 years

credited service needed to qualify for pension benefits, constitute "act[s] or omission[s]" under Section 1144(b)(1), which would thereby preclude Stevens' claim under ERISA.

The meaning Congress intended to give "act or omission" is not express, therefore, a case-by-case determination must be made. Although the Sixth Circuit has not interpreted this language, the law on this point in the other circuits is clear and provides compelling arguments to support Joint Council 84's position that Stevens' ERISA claim must fail. As Joint Council 84 has pointed out in its memorandum, "[c]ourts have uniformly rejected the theory that pre-ERISA acts are actionable under ERISA if they generate consequences after ERISA's effective date." *Baum v. Nolan,* 853 F.2d 1071, 1075 (2nd Cir.1988), citing *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1501–1502 (9th Cir.1984) (ERISA did not cover the plaintiff's claims based on an alleged breach of fiduciary duty which occurred in 1973); *Coward v. Colgate–Palmolive Co.,* 686 F.2d 1230, 1233–1234 (7th Cir.1982), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983) (plaintiffs could not bring ERISA action when they had voluntarily waived their rights to such benefits prior to ERISA's enactment and were continually denied benefits after January 1, 1975); *Quinn v. Country Club Soda Co.,* 639 F.2d 838, 840–841 (1st Cir.1981); *Martin v. Bankers Trust Co.,* 565 F.2d 1276, 1278–1279 (4th Cir.1977) (where plaintiffs were discharged prior to the enactment of ERISA, failure to pay benefits after the enactment was not a continuing breach of duty which would bring plaintiff's claim within ambit of ERISA).

In *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1500 (9th Cir.1984), the facts were similar to those in this case. To determine whether state or preemptive federal law governed, the Ninth Circuit looked, first, to the time when plaintiff's cause of action accrued and, second, to the time when the conduct which formed the basis for the claim took place. The Court noted that each of these inquiries served a specific purpose. The determination of the

time of accrual "protect[s] unwary litigants against the inadvertent loss of benefits through the running of the statute of limitations" and the determination of the preemptive effect of material pre-ERISA conduct "avoid[s] retroactive application of remedial principles not in effect at the time of the conduct in question. Because of the differing interests at stake, therefore, the post-ERISA event triggering plaintiff's right to sue ... may be only a formality (*such as an official denial of benefits*), [emphasis added] while the events actually at issue in the litigation, having occurred long before, must be judged under pre-ERISA state law principles. In these limited circumstances, Congress provided neither governing federal law nor a federal forum to enforce it." *Id.* at n. 3.

This Court follows the Ninth Circuit's lead and determines that Stevens' cause of action accrued at the time Joint Council 84 formally and finally denied him benefits in 1988. This Court finds support for its holding in the decisions of other circuits as well. *See Quinn v. Country Club Soda Co.,* 639 F.2d 838, 840 (1st Cir.1981); *Winer v. Edidson Brothers Stores Pension Plan,* 593 F.2d 307, 312 (8th Cir.1979); *Riley v. MEBA Pension Trust,* 570 F.2d 406, 411–412 (2d Cir.1977); and *Paris v. Profit Sharing Plan,* 637 F.2d 357, 361 (5th Cir.), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981).

Using the second prong of its test, the Ninth Circuit, in *Menhorn,* found that the denial of benefits by Firestone after the effective date of ERISA "was merely the 'inexorable consequence' of its prior adoption of the break-in-service policy" and as such was not reviewable under ERISA. 738 F.2d at 1501–1502. The same conclusion must be reached in the present action. Stevens was formally denied benefits after ERISA's effective date pursuant to a plan provision (break in service and the years of credited service requirement) adopted before the effective date. Therefore, the denial of those benefits is not reviewable under ERISA. *See also, Lamontagne v. Pension Plan of the United Wire, Metal & Machine Pension Fund,* 869 F.2d 153 (2d Cir.1989) (act central to plaintiff's case was the plan's pre–1975 adoption of its break in employment policy, and therefore "the relevant act for purposes of Section 1144(b)(1) occurred before 1975"); *Quinn v. Country Club Soda, Co.,* 639 F.2d at 840–841.

Based on the foregoing, it is the holding of this Court that Stevens does not have a claim under the provisions of ERISA. To hold any other way would go against the "clear practical import of the act or omission clause ... to prevent past conduct of pension plan fiduciaries and contributors from being judged retroactively under the standards established by ERISA simply because the conduct generates consequences subsequent to the ERISA effective date that give rise to what is, technically, an independent cause of action." *Id.* at 841. Nonetheless, Stevens may have a cause of action based on pre-ERISA state law over which this Court may have jurisdiction if diversity and amount in controversy requirements can be met.

### *Applicability of the Labor–Management Relations Act*

■ Section 301(a) of the LMRA provides, in relevant part, for district court jurisdiction over "suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce". In *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) the Court interpreted this to include a suit by an employee against either his employer or union for breach of the collective bargaining agreement.

Stevens contends that Joint Council 84's trustees had a fiduciary duty to inform him that Beatty Motor Express was not making contributions to the fund on his behalf. In support of this proposition, Stevens cites *Rosen v. Hotel & Restaurant Employees & Bartenders Union,* 637 F.2d 592 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981). As in the present case, Rosen had been denied benefits because of a break in service caused by his employer's failure to contribute to the fund as required by the pension agreement. The Third Circuit held that the pension plan was an integral part of the collective bar-

gaining agreement, so that the plaintiff had sufficiently alleged a breach of a Section 301 contract. *Id.* at 596. The Court found that "under the fiduciary duty standards *outlined in the pension agreement,* [emphasis added] the defendants had a duty to notify Rosen when his employer's contributions to the fund were in arrears", *Id.* at 594.

Stevens also cites *Rosen* for the proposition that notwithstanding the fact that a fiduciary duty has not been expressly created by the terms of a collective bargaining agreement, the fiduciary obligations of a pension fund trustee require him to notify a beneficiary that his employer's payments into the fund are in arrears. The Third Circuit found this duty to have its roots in the common law of trusts. 637 F.2d at 600. That this duty may exist as a result of the common law does not automatically suffice to allow Stevens to bring an action pursuant to LMRA. Stevens must first allege that there was a collective bargaining agreement and that it was breached in order to vest this Court with jurisdiction over the matter. It is not clear from the pleadings whether a collective bargaining agreement existed, as Stevens' amended complaint neither alleges nor alludes to one which would bring his claim under the auspices of LMRA. The only reference to any such agreement is in Joint Council 84's answer (doc. no. 60) where it denies being a party to any collective bargaining agreement with any employer. Thus, it is not clear whether a fiduciary duty was created under the express terms of a collective bargaining agreement. If there was, Stevens may have a claim under Section 301. The Court will reserve ruling on the motion to dismiss until Stevens has an opportunity to amend his complaint.

For the foregoing reasons, it is hereby ORDERED that 1) Stevens is hereby GRANTED 20 days to file a second amended complaint to correct the deficiencies of his jurisdictional claim pursuant to Section 301 of the Labor–Management Relations Act; and 2) Joint Council 84's motion to dismiss Stevens' ERISA claim is GRANTED.

IT IS SO ORDERED.