**Ernest L. ADKINS, Plaintiff,**

v.

**WESTINGHOUSE MATERIALS CO., et al., Defendants.**

No. C–1–91–424.

United States District Court, S.D. Ohio.

Dec. 23, 1991.

Daniel McKinney, III, Cincinnati, Ohio, for plaintiff.

Mark Silbersack, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Defendants' motion for judgment on the pleadings, Plaintiff's memorandum in opposition thereto, and Defendants' reply. (Docs. 5, 7, 8).

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

On July 1, 1952, National Lead Company of Ohio ("NLO") hired Plaintiff Ernest L. Adkins to work at the Fernald Feed Materials Production Center ("Fernald"). Plaintiff remained employed there continuously through about March 1, 1971,[1] when NLO laid him off due to a reduction in force. Plaintiff accepted a refund of all contributions he had made to the NLO retirement plan through that time.

On or about September 1, 1971, Plaintiff returned to work at Fernald and again began to participate in the NLO retirement plan. He continued to be employed there and to participate in that plan through January 1, 1986, when Defendant Westinghouse Materials Company of Ohio, Inc.

---

6. Plaintiffs did not seek punitive damages under ERISA in either of the two prior complaints.

1. There is some conflict between the parties concerning the specific date of certain events related to Plaintiff's cause of action. (Compare Doc. 1, ¶ 11 to Doc. 3, ¶ 11). However, the disputed dates involve differences of a matter of days, and in any event would not affect the Court's disposition of this motion. Accordingly, for purposes of this motion, the Court has accepted the dates set forth in Plaintiff's complaint.

("Westinghouse") assumed responsibility for operating Fernald. Since that date, Plaintiff has continued to work at Fernald and to contribute to the Westinghouse Materials Company of Ohio Retirement Plan # 250 ("the Retirement Plan"), successor to the NLO retirement plan. Under that Retirement Plan, Plaintiff has not been credited with the time preceding his break in service in 1971, when he received the payout on his retirement plan contributions.

On June 21, 1991, Plaintiff filed a complaint against Westinghouse and the Retirement Plan, seeking pension benefits under the Employee Retirement Income Security Act ["ERISA"] in excess of the benefits offered to him by Defendants. (Doc. 1). Plaintiff asserts the concurrent jurisdiction afforded by 29 U.S.C. § 1132(e)(1) as the sole basis for federal jurisdiction over this matter. (Doc. 1, ¶ 4). Defendants filed an answer denying that Plaintiff is entitled to additional retirement benefits. (Doc. 3).

On September 13, 1991, Defendants filed their motion for judgment on the pleadings, contending that because Plaintiff's claims relate to events that occurred in 1971: 1) ERISA does not apply, and 2) the claims are barred by the applicable statute of limitations. (Doc. 5; see also Doc. 8).

Plaintiff's opposing memorandum argues that jurisdiction exists under ERISA for pre-ERISA acts, that his cause of action under ERISA accrued after ERISA's effective date, and that he brought this action within the limitations period after he discovered the ERISA violation. (See Doc. 7).

## OPINION

### I. Subject Matter Jurisdiction

The substantive bulk of Plaintiff's opposing memorandum is devoted to convincing this Court that it possesses subject matter jurisdiction over this matter under ERISA. (See Doc. 7, pp. 5–13). Because they do not challenge the Court's jurisdiction, Defendants term that argument "irrelevant." (See Doc. 8, pp. 1–2). Rather, Defendants concede subject matter jurisdiction and request a final disposition on the merits of Plaintiff's ERISA claims. They assert that Plaintiff's jurisdictional arguments therefore are misplaced.

Despite Plaintiff's failure to focus on the issues Defendants' motion addresses, his efforts to defend the existence of subject matter jurisdiction do highlight a seeming anomaly in Defendants' position. Defendants argue that ERISA does not apply to acts that occurred before January 1, 1975 [the effective date of the statute], and that because Plaintiff's claims relate to events that occurred in 1971, Plaintiff has not stated a claim cognizable under ERISA. (See Doc. 5). Yet if ERISA does not apply to Plaintiff's claims, whence comes this Court's subject matter jurisdiction to issue a decision on the merits of Plaintiff's claims?

As Plaintiff acknowledges (see Doc. 7, p. 6), commentators have addressed this very issue:

> The jurisdictional facts are often intertwined with the merits of a claim. For example, ... *if a federal statute upon which a claim is premised is interpreted to be inapplicable, it could be argued that* the plaintiff has failed to present a federal question and thus *subject matter jurisdiction is absent. However,* the courts have uniformly held that in such instances *the preferable practice is* to assume that jurisdiction exists and proceed *to determine the merits of the claim* ...

2A MOORE'S FEDERAL PRACTICE ¶ 12.-07[2.–1] (2d ed. 1991) (emphasis added).

Given that all parties urge that subject matter jurisdiction exists herein, the Court adopts this "preferable practice" for purposes of considering Defendants' motion. The Court therefore will exercise subject matter jurisdiction to decide the merits of Plaintiff's ERISA claims on Defendant's motion for judgment on the pleadings.

### II. Judgment on the Pleadings

The standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is comparable to that applied to Rule 12(b)(6) motions. *Drouillard v. Roche Biomedical Laboratories,*

861 F.2d 720, unpub. slip op., 1988 WL 114793, 1988 U.S.App. LEXIS 14616 (6th Cir.1988) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir.1987)). The Court should grant the motion if, upon accepting the non-movant's allegations as true, it is clear that the movant nonetheless is entitled to judgment as a matter of law. *Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233, 1235 (6th Cir.1991); *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith*, 479 F.2d 478, 480 (6th Cir.1973).

Judgment on the pleadings also may be appropriate if the complaint demonstrates that the statute of limitations bars plaintiff's claims. *See Craig v. Western & Southern Indemnity Co.*, 119 F.2d 591, 592 (6th Cir.1941).

### A. Applicability of ERISA to Plaintiff's Claims

■ Among ERISA's provisions is a private right of action through which retirement plan participants may recover benefits or enforce their rights under the plan. 29 U.S.C. 1132(a)(1)(B). However, ERISA also provides that its state law preemption provision "shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975." 29 U.S.C. § 1144(b)(1). Accordingly, ERISA appears to grant a private right of action under federal law only as to acts or omissions which occurred *after* January 1, 1975. *See Cowan v. Keystone Employee Profit Sharing Fund*, 449 F.Supp. 235, 238 (D.Mass.), *aff'd*, 586 F.2d 888 (1st Cir.1978). The issue before the Court, then, is how that "act or omission" language is to be interpreted.

This Court previously addressed that issue in *Stevens v. Employer–Teamsters Joint Council No. 84*, 711 F.Supp. 384 (S.D.Ohio 1989). *Stevens* involved a plaintiff truck driver who was denied benefits in 1980 and 1988 based upon an alleged break in service between 1961 and 1965. *Id.* at 385. We noted then that "[c]ourts have uniformly rejected the theory that pre-ERISA acts are actionable under ERISA if they generate consequences after ERISA's effective date." *Id.* at 386 (quoting *Baum v. Nolan*, 853 F.2d 1071, 1075 (2d Cir.1988), *cert. denied*, 489 U.S. 1053, 109 S.Ct. 1313, 103 L.Ed.2d 582 (1989) [other citations omitted]). Absent adverse authority from the Sixth Circuit, the purportedly contrary decisions from other circuits that Plaintiff now cites do not dissuade the Court from that view. *See, e.g., Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir.), *cert. denied*, 493 U.S. 872, 110 S.Ct. 202, 107 L.Ed.2d 155 (1989); *Van Fossan v. International Brotherhood of Teamsters Union Local 710, Pension Fund*, 649 F.2d 1243 (7th Cir.1981).

Borrowing from *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir.1984), the Court has adopted a simple test to determine whether state or federal law applies: if *before* the effective date of ERISA, either 1) the plaintiff's cause of action accrued, or 2) the conduct which formed the basis for the claim took place, then ERISA does not apply. *Stevens*, 711 F.Supp. at 386–87.

In *Stevens*, the Court found that the plaintiff's cause of action did not accrue until the defendant "formally and finally denied him benefits." *Id.* at 387. Defendants acknowledge that they have not formally denied Plaintiff benefits, as Plaintiff has not yet retired or formally applied for benefits. (Doc. 5, p. 8). Accordingly, Plaintiff's cause of action cannot have accrued prior to ERISA's effective date, and Plaintiff has survived the first prong of the *Stevens* test.

The determination as to the *Stevens* test's second prong is more difficult. Plaintiff concedes that Defendants' calculation of a smaller benefit than that to which he claims entitlement is based upon Defendant's exclusion of credit for time before his 1971 break in service. (Doc. 1, ¶ 28). Plaintiff also admits that when he returned to work in 1971, NLO refused to allow him "to be restored" to the pension plan by returning the distribution he previously received. (Doc. 1, ¶ 16). Defendants' anticipated denial of Plaintiff's full claimed benefit thus is "merely the 'inexorable consequence' of [the pre-ERISA] adoption of [a]

break-in-service policy." *Stevens,* 711 F.Supp. at 387 (quoting *Menhorn,* 738 F.2d at 1501–02).

NLO's 1971 act of refunding Plaintiff's retirement plan contributions, allegedly without explaining the consequences thereof, and its same year omission to restore credit for Plaintiff's prior years of service, are the "acts or omissions" which gave rise to Plaintiff's current cause of action. Plaintiff's ERISA claims against Defendants thus clearly implicate events that occurred in 1971, before ERISA took effect.

Given that ERISA does not apply to Plaintiff's cause of action herein, Plaintiff has failed to state a viable ERISA claim against Defendants. Defendants therefore are entitled to judgment as a matter of law.

### B. Statute of Limitations Defense

Having determined that ERISA does not apply to the cause of action Plaintiff asserts, the Court need not consider Defendants' claim that Plaintiff's action is barred by the applicable statute of limitations. Nevertheless, the Court notes that, by his own admission, Plaintiff had notice as early as 1971 that he was not considered a retirement plan participant for purposes of his previous service. (*See* Doc. 1, p. 16). Plaintiff thus does not appear to have been prejudiced by the Court's determination that his claims are not covered by ERISA.

It therefore is ORDERED that Defendants' motion for judgment on the pleadings hereby is GRANTED. Judgment shall be entered for Defendants and against Plaintiff on Plaintiff's ERISA causes of action. Plaintiff's remaining pendent state claims hereby are DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.