**In re Herbert A. WALL and Sheryl L. Wall, Debtors.**

**Elizabeth A. Vaughan, Trustee Plaintiff,**

**v.**

**Decision One Mortgage Company, et al., Defendants.**

**No. 03–3136.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 13, 2004.

---

Amelia A. Bower, Michelle Polly–Murphy, Columbus, OH, for Defendants.

John P Gustafson, Toledo, OH, for Plaintiff.

## *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a hearing on the separate but related Motions to Dismiss and Motions for Judgment on the Pleadings filed by the Defendants, Conseco, Inc. and Decision One Mortgage Company. Although not presently a named party in this matter, also present at the hearing was Green Tree Financial Servicing Corporation whose recorded mortgage interest in the Debtors' property is at the center of the Plaintiff/Trustee's Complaint. At the conclusion of the Hearing held on the Defendants' respective motions, the Court, to enable a thorough review of the Parties' arguments as well as the evidence presented, took the matter under advisement. The Court has now had the opportunity to conduct this review, and based thereon finds that in accordance with the Defendants' Motions, this case should be Dismissed.

## FACTS

In April of 1999, the Debtors, Herbert and Sheryl Wall (hereinafter referred to collectively as the "Debtors"), entered into a loan agreement with the Defendant, Decision One Mortgage Company (hereinafter referred to as "Decision One"), for approximately $73,800.00. As security for this loan, the Debtors granted a mortgage in their residence to Decision One. Later that same month, Decision One assigned its mortgage interest in the Debtors' residence to Green Tree Financial Servicing Corporation (hereinafter referred to as "Green Tree"). Notice of this transfer, naming Green Tree as the assignee, was then recorded on January 6, 2000.

On April 27, 2001, the Debtors filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Just under two years later, on April 25, 2003, the Plaintiff/Trustee, Elizabeth Vaughan (hereinafter referred to as the "Trustee"), filed the instant adversary Complaint seeking to avoid the mortgage interest in the Debtors' property; in this complaint, Decision One was named as the sole defendant. In response, Decision One filed an Answer denying the substantive allegations as set forth in the Trustee's complaint. In addition, Decision One, based upon the earlier assignment of its mortgage interest in the Debtors' property, filed a Motion to Dismiss and a Motion for Judgment on the Pleadings.

Based upon Decision One's responsive pleadings, the Trustee sought leave from the Court to file an amended Complaint so

as to name the proper party in interest. Over an objection filed by Green Tree, leave was given to the Trustee to file her amended Complaint. Pursuant thereto, the Trustee filed her amended Complaint naming Conseco Inc. (hereinafter referred to as "Conseco") as a party defendant, but not Green Tree, based upon her supposition that the two entities were related. (Doc. No. 24).

In response to being named as a party-defendant, Conseco filed an Answer as well as its respective Motion to Dismiss and Motion for Judgment on the Pleadings. Like Decision One, Conseco denied the substantive allegations of the Trustee's Complaint. In addition, Conseco raised, as an affirmative defense, the untimeliness of the Trustee's amended complaint. Also in support of its Motion to Dismiss and Motion for Judgment on the Pleadings, Conseco argued that it was not related to Green Tree, and therefore, again, the Trustee had failed to name the proper party. In addition, it was argued that even if related, Green Tree still, as mortgage holder of record, was an indispensable party, and thus had to be named as a party-defendant.

With respect to the matters set forth above, Amelia Bower was the attorney of record for both of the Defendants and Green Tree.

## DISCUSSION

The Trustee's Complaint to avoid the mortgage interest in the Debtors' residence is brought pursuant to 11 U.S.C. § 544. As this type of action involves determining the priority of a lien for purposes of 28 U.S.C. § 157(b)(2)(K), this a core proceeding over which this Court has the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

Generally speaking, § 544 permits a trustee to avoid certain prepetition trans-fers. Section 546(a), however, provides a two-year time limitation in which a trustee has to bring such an action, the date of which commences at the time the order for relief is entered. In this case, no dispute exists that, while her original complaint was brought just within this two-year time limit, the Trustee's amended complaint, whereby Conseco was added as a party-defendant, was not timely filed for purposes of § 546(a). Based upon this fact, together with the Trustee's failure to name Green Tree as a party in the amended complaint, the Defendants and Green Tree seek to have this case Dismissed, or the alternative for Judgment on the Pleadings.

A Motion to Dismiss is governed by Federal Rule of Civil Procedure 12(b)(6), while a Motion for Judgment on the Pleadings is governed by Rule 12(c); both of these rules are made applicable to this case by Bankruptcy Rule 7012. Although there are slight differences as it concerns the specific manner in which these rules are applied,—for example, Rule 12(c) only applies once all pleadings have been filed thereby making both the complaint and the answer relevant—the legal standard governing these rules is essentially the same: A court should only grant the motion if, upon accepting the nonmovant's allegations as true, it is clear that the movant nonetheless is entitled to judgment as a matter of law. *Adkins v. Westinghouse Materials Co.*, 779 F.Supp. 922, 923–24 (S.D.Ohio 1991), *citing Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233, 1235 (6th Cir.1991); *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith*, 479 F.2d 478, 480 (6th Cir.1973). In this same manner, the effect of a favorable ruling on either type of motion is for all practical purposes the same: the plaintiff is not entitled to any of the relief requested.

Pursuant to the foregoing standard, the Trustee, in arguing that this case should be allowed to continue, responded to the points raised by the Defendants and Green Tree as follows. First, the Trustee argues that the failure to name Green Tree as a party-defendant is not defective because at the time her complaint was filed, Green Tree was a part of Conseco; thus, service of her amended complaint on Conseco was sufficient to effectuate service on Green Tree. (Doc. No. 24). Second, as it concerns the time limitation contained in § 546(a), the Trustee, while acknowledging the error in naming Decision One as a defendant in her initial complaint, argues that her amended complaint, wherein Conseco was named as a defendant, should be deemed to have been filed at the same time as her original complaint pursuant to the relation-back provision of Federal Rule 15(c). With respect to these matters, logic dictates that the former issue—the effect of naming Conseco instead of Green Tree in the amended complaint—is only relevant to the extent that the amended complaint is not time barred by § 546(a). As a result, the Court will begin by first addressing the applicability of the relation-back provision of Rule 15.

■ In a situation such as this where a plaintiff seeks to add a new party-defendant, the general, well-established rule is that the amended pleading will not be deemed to have been filed at the same time as the original pleading. *Williams v. United States*, 405 F.2d 234, 239 (5th Cir. 1968). Under certain conditions, however, Federal Rule of Civil Procedure 15(c), made applicable to this proceeding by Bankruptcy Rule 7015, provides an exception. Controlling in this case is subparagraph (3) of Rule 15(c) which provides:

An amendment of pleading relates back to the date of the original pleading when

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the adjudication of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The purpose of this rule is to ameliorate the harsh consequences of strictly applying a statute of limitations when there is an otherwise inconsequential error in the pleading. *Colbert v. City of Philadelphia*, 931 F.Supp. 389, 392 (E.D.Pa.1996) (citing Fed.R.Civ.P. 15, Advisory Committee note to 1991 Amendment). As stated by a well-known authority on the issue, the purpose of Rule 15(c) is "to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities." 3 Moore's Federal Practice, Section 15.19[3][a] at 15–84.

■ Breaking down Rule 15(c)(3) into its individual elements, an amended pleading filed outside the time period prescribed by an applicable statute of limitation, such as § 546(a), will relate back to the time of the filing of the original pleading if four conditions are met: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party to be brought in by the amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; (3) the party knew or should have known that but for a mistake

in the identity of the proper party, the action would have been brought against the party; and (4) the conditions in (2) and (3) occurred within 120 days of the filing of the original complaint. For purposes of this case, the primary focus of the Parties was on the applicability of the third element: knowledge of the underlying action.

As applied to this case, the Trustee fully admits that she should have known, given the proper recordation of the mortgage assignment, that Green Tree, and not Decision One, was the proper party against whom to bring her mortgage avoidance action. Nevertheless, the Trustee asserts that the applicability of the third element of Rule 15(c)(3) is not foreclosed by this oversight. In support thereof, the Trustee points out that the third element of Rule 15(c)(3) utilizes the word "mistake," as opposed to another, presumably higher standard such as "excusable neglect" which is used throughout the Federal Rules of Procedure.

▮▮▮ To a limited extent, the Trustee's position is correct: Rule 15(c)(3) is not restricted to good faith, honest mistakes, but may encompass mistakes resulting from negligence and carelessness. Ergo, Rule 15(c)(3) "encompasses both mistakes that were easily avoidable and those that were serendipitous." *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir.2000). However, the real essence of the third element of Rule 15(c)(3) is not whether a mistake was made, but whether the party to be added knew or should have known of the pending litigation. Thus, the third element of Rule 15(c)(3) may be established by showing actual notice—that is, the party "knew" of the pending litigation; or, in the alternative, the third element of Rule 15(c)(3) may be established by the normally lower evidentiary standard of constructive notice which, in the language of Rule 15(c)(3) asks if the party to be added "should have

known" of the pending litigation. In this particular case, given the lack of any corroborating evidence, the only issue is constructive notice.

▮▮▮ In looking to whether the party to be added "should have known" of the pending litigation with the party(s) already named in the lawsuit, an "identity of interest" test has been applied by the courts. The essence of this test looks to whether the parties are so closely related in their business operations or other activities that the institution of an action against the named party would reasonably serve to provide notice of the litigation to the other. *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186 (3rd Cir.2001). Examples of where an "identity of interest" have been found include, a parent corporation and a wholly owned subsidiary, *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1408 fn. 5 (11th Cir.1998), two related corporations which had substantially similar officers, directors or shareholders, *Ramsey Group, Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 564 (W.D.N.C. 2002), and past and present forms of the same business enterprise. *Sorrels v. Sears, Roebuck & Co.*, 84 F.R.D. 663, 667 (D.Del.1979). In the end, however, a determination concerning an "identity of interest" is simply an equitable one, and thus will vary depending on the individual circumstances.

As it concerns this case, the bulk of the evidence presented by the Trustee centered on the relationship between Conseco and Green Tree, not with Decision One. However, Decision One, as the defendant named in the initial complaint, is the touchstone against which the "identity of interest" standard of Rule 15(c)(3) must be measured. In this regard, the only evidence this Court has before it which would tend to establish an "identity of interest" between Decision One, as named in the

initial complaint, and Conseco (and therefore possibly by implication Green Tree), as named in the amended complaint, is the fact that all of these entities utilized the same attorney in defending against the Trustee's action. Nevertheless, while the utilization by two parties of the same attorney may be a factor in determining an identity of interest, such a consideration, standing by itself, is not dispositive of the issue for the obvious reason that it is entirely possible that totally unrelated defendants may have, on account of happenstance, retained the same attorney. Also policy matters concerning an attorney's duty to zealously represent his or her client may come into play.

In addition, and on the opposite side of the coin, the Court finds it telling that Decision One deemed it necessary to effectuate an assignment of its mortgage interest. While clearly not dispositive of the issue, this would tend to show the separate nature of Decision One to both Conseco and Green Tree. Thus, if anything, the facts before the Court are inapposite to the existence of any "identity of interest."

Therefore, based upon the above discussion, it is the holding of this Court that there exists insufficient evidence to conclude that Decision One has an "identity of interest" with either Conseco or Green Tree; as such, the Trustee may not invoke Rule 15(c)(3) so as to cause her amended complaint to relate back to the time of filing of her initial complaint. Accordingly, as the Trustee's initial complaint named the wrong party, and the amended complaint to avoid mortgage was filed outside the time limit set forth by § 546(a) of the Bankruptcy Code, this case must be dismissed. Having come to this decision, the Court will not at this time address the issue as to whether service of the Trustee' complaint upon Conseco also effectuated service upon Green Tree.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that this case be, and is hereby, DISMISSED.