765 F.2d 49
 6 Employee Benefits Ca 1893
 L.D. JAMESON, Appellant,
v.
BETHLEHEM STEEL CORPORATION PENSION PLAN OF BETHLEHEM STEEL
CORPORATION AND SUBSIDIARY COMPANIES, also known as
Bethlehem 1977 Salaried Pension Plan, General Pension Board,
Bethlehem Steel Corporation and Subsidiary Companies, Appellees.
 No. 84-1628.
 United States Court of Appeals,
Third Circuit.
 Argued April 30, 1985.
Decided June 24, 1985.
 
 John R. Vintilla (argued), Cleveland, Ohio, for appellant.
 Dona S. Kahn (argued), Harris & Kahn, Philadelphia, Pa., for appellees.
 Before SEITZ, WEIS, and ROSENN, Circuit Judges.OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 ERISA has a non-retroactivity provision stating that the Act does not apply to causes of action as well as acts or omissions antedating January 1, 1975. In this case, although it acknowledged that the cause of action arose after that date, the district court nevertheless decided that it had no subject matter jurisdiction because relevant events giving rise to the plaintiff's claim of action occurred pre-ERISA. We disagree and conclude that jurisdiction derived by virtue of a qualifying cause of action is not defeated by the application of state law to events which occurred before ERISA's effective date. Consequently, we will vacate the order of dismissal and remand for a determination on the merits.
 
 
 2
 The plaintiff's complaint alleges that the defendant violated ERISA by failing to pay certain pension benefits. On the defendants' motion, the district court dismissed the suit.
 
 
 3
 There is no dispute about the salient facts. Plaintiff was employed from 1953 to 1970 by the Iron Mines Company of Venezuela, a subsidiary of the Bethlehem Steel Company. When that assignment terminated, Bethlehem paid plaintiff $56,492 as "Cesantia and Antiquedad" (C & A), a form of severance pay mandated by Venezuela law. One day later, on March 1, 1970, plaintiff began to work for Bethlehem Mines, a subsidiary in Spain. He was later employed by the parent Bethlehem Steel Company and resigned in 1980.
 
 
 4
 When plaintiff left Bethlehem's employ, the company's General Pension Board determined that he was entitled to a deferred pension, based on 10 years of service--from March 1, 1970 to February 29, 1980. Plaintiff contended that he should also receive credit for the 17 years he spent in Venezuela. The General Pension Board, relying on the company policy in effect in 1970, denied credit for that period.
 
 
 5
 Bethlehem's practice in 1970 was that an employee who had received C & A and wished to continue working for the company was given a choice. He could either refund the C & A and apply the years of his Venezuelan service toward his pension eligibility or he could retain the money and be reemployed by the company as a "new hire" with no accumulated pension credit.
 
 
 6
 Because plaintiff did not refund the C & A, the Pension Board refused to include the Venezuelan years in computing his pension benefits. In his complaint, plaintiff alleged that the Pension Board's refusal was in violation of ERISA's provision barring forfeitures after 10 years of service. 29 U.S.C. Sec. 1053(a)(2)(A). In addition, he asserted a breach of the company's 1977 Salaried Pension Plan.
 
 
 7
 The district court acknowledged that the cause of action arose in 1980 when plaintiff retired and requested pension benefits, but observed that the "pre-1975 'acts or omissions' " must also be examined. The court referred to Sec. 514 which provides that "ERISA shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975." 29 U.S.C. Sec. 1144(b)(1).
 
 
 8
 By denying plaintiff benefits, the court found that the defendants were simply following a position consistently taken and communicated to plaintiff beginning in 1970--i.e., that he was considered a new employee as of 1970 for all purposes, including the pension. Determining that the pre-1975 communications as well as the plaintiff's refusal to repay the C & A were significant "acts or omissions" which gave rise to the cause of action, the court concluded that state rather than federal law governed the pre-ERISA conduct. In the belief that ERISA did not give it jurisdiction to adjudicate the action under state law, the district court dismissed the complaint.
 
 
 9
 On appeal, the plaintiff argues that his rights are controlled by the Bethlehem 1977 Salaried Pension Plan and that the Board's action amounts to an impermissible forfeiture under ERISA. The defendant argues that since the plaintiff's break-in-service occurred before 1976, ERISA does not apply and the district court properly dismissed the suit.
 
 
 10
 ERISA provides that a civil action may be brought by a participant or beneficiary to recover benefits due him or to clarify his rights to future benefits under a plan. 29 U.S.C. Sec. 1132(a)(1)(B). "State courts ... and district courts of the United States shall have concurrent jurisdiction" under the preceding provision. 29 U.S.C. Sec. 1132(e)(1).
 
 
 11
 Because plaintiff requested and was denied benefits in 1980, there is no doubt that his claims come within the scope of ERISA's jurisdictional provision. He is a beneficiary under an ERISA pension plan and seeks restoration of pension credits as well as injunctive relief requiring payment of future benefits. Consequently, while plaintiff could have brought his suit in a competent state court, the federal courts also have jurisdiction to hear his claims.
 
 
 12
 The complicating feature of the case is the Sec. 514's prohibition on retroactive application of the substantive provisions of ERISA. 29 U.S.C. Sec. 1144. Subsection (a) states that provisions of the Act "shall supersede any and all state laws insofar as they may now or hereafter relate to any [specified] employee benefit plan.... This section shall take effect on January 1, 1975." Subsection (b) provides "This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred before January 1, 1975."
 
 
 13
 The legislative history on this section is sparse, but it confirms that the preemption provision is concerned with the effect of ERISA on other laws and does not define the bounds of federal jurisdiction. See H.R.Rep. No. 533, 93th Cong., 2d Sess. 3, reprinted in 1974 U.S.Code Cong. & Ad.News 4639, 5162. Section 514 does not speak to jurisdiction, but to choice of law, specifically, whether state or federal law should be applied to a given situation.
 
 
 14
 There is, however, a lurking constitutional difficulty under Article III, section 2. The question is whether Congress may confer jurisdiction on federal courts to decide purely state law cases absent diversity of citizenship or existence of pendent claims. This problem would be presented if ERISA authorized a federal court to take jurisdiction over a cause of action based solely on state law. See Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 450, 75 S.Ct. 489, 495, 99 L.Ed. 510 (1955); Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1505 (9th Cir.1984).
 
 
 15
 The existence of a potential constitutional challenge has led some courts to decline jurisdiction when the cause of action arose before January 1, 1975. In Woodfork v. Marine Cooks and Stewards Union, 642 F.2d 966, 972 (5th Cir.1981), the court of appeals said, "Without deciding whether Congress could have constitutionally provided a federal forum for causes of action arising before ERISA enactment, we agree with the Fourth Circuit that Congress's concern in 1974 over the possible unconstitutionality motivated it to deny a federal forum to litigants with pre-existing causes of action." Martin v. Bankers Trust Co., 565 F.2d 1276 (4th Cir.1977) is to the same effect. See also Cowan v. Keystone Emp. Profit Sharing Fund, 586 F.2d 888 (1st Cir.1978), New York State Teamsters Conference Pension & Retirement Fund v. Pension Benefit Guaranty Corp., 591 F.2d 953 (D.C.Cir.1979); Reiherzer v. Shannon, 581 F.2d 1266, 1272 (7th Cir.1978).
 
 
 16
 These Article III considerations arise when the cause of action accrues before the effective date of ERISA. However, they do not affect the second part of the nonretroactivity clause relating to "any act or omission which occurred before January 1, 1975." This language was used to make it clear that ERISA's substantive provisions do not supersede state law as to events which occurred before that date. Hence the "act or omission" provision is a direction as to choice of laws and is intended to ensure that ERISA is not applied retroactively.
 
 
 17
 If the cause of action accrues after ERISA's effective date, the possible constitutional objection is not a factor. The situation is then a straight forward cause of action arising under a federal statute. The fact that in deciding the federal cause of action the court is required to refer to state law as to some facets is neither unusual nor exceptional. For example, in cases where a deprivation of federal right has been alleged, the federal court may look to state law for the rule of decision. See Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) (1982); Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); United States v. Kimbell Foods, Inc., 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Automobile Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). See also Mishkin, The Variousness of "Federal Law": Competence and Discretion in the Choice of National and State Rules for Decision, 105 U.Pa.L.Rev. 797 (1957); Note, Adopting State Law as the Federal Rule of Decision: A Proposed Test, 43 U.Chi.L.Rev. 823 (1976). In determining the res judicata effect of a state judgment on a pending civil rights case, a federal court applies state claim preclusion law. See Migra v. Warren School Dist. Bd. of Educ., 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).
 
 
 18
 Thus, once jurisdiction has attached, the "act or omission" provision of Sec. 514, does no more than inform the court that ERISA's substantive provisions are not to be used to determine the law at the time of incidents occurring before January 1, 1975. The reference to state law does not oust the court's jurisdiction over the federal cause of action, and nothing in the statutory language requires such a result. There are differing constitutional implications between those situations in which the cause of action arise before ERISA's effective date and those in which state law merely provides the rule of decision for certain phases of the case. Once these differences are recognized, the jurisdictional issue is seen in its proper posture.
 
 
 19
 In light of our interpretation of Sec. 514, we find ourselves in disagreement with our brethren in the Ninth and First Circuits. See Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496 (9th Cir.1984) and Quinn v. Country Club Soda Co., 639 F.2d 838 (1st Cir.1981). In Quinn, the court conceded that the cause of action arose post-ERISA but concluded that "the post-1975 events were ... but the inexorable consequences of acts and omissions taken long before." 639 F.2d at 841. Cf. Paris v. Profit Sharing Plan, 637 F.2d 357 (5th Cir.1981). We are not convinced that application of state law to certain facts, even if outcome determinative, acts to deny jurisdiction to the federal courts.
 
 
 20
 This is the first time we have addressed this particular jurisdictional issue. However, in Reuther v. Trustees of the Trucking Emp., 575 F.2d 1074 (3d Cir.1978), we sub silentio found jurisdiction in a case where the cause of action accrued post-ERISA but pre-existing facts were important elements.[1]
 
 
 21
 Although distinguished judges have come to a conclusion differing from ours, we are convinced that declining jurisdiction in this case would be contrary to congressional intent. Moreover, we note that adopting the preclusive view expressed by Menhorn and Quinn would substantially weaken the remedy of clarification provided by section 1132(a)(1)(B) since the federal courts would be unable to grant relief if the claims are based on pre-ERISA events.
 
 
 22
 We conclude, therefore, that the district court erred in dismissing the complaint. Once the district court had jurisdiction over the cause of action, the acts and omissions provision did not deprive it of the power to adjudicate the plaintiff's claims.
 
 
 23
 Because the action was dismissed, the district court did not reach the merits. Those issues should be addressed in the first instance by the district court. Accordingly, we will vacate its judgment and remand the case for further proceedings.
 
 
 
 [1]
 We note also the contrasting approaches adopted by several district courts in the Eastern District. Compare Berry v. Cadence Indus. Corp., 552 F.Supp. 1284 (E.D.Pa.1982), affirmed, 720 F.2d 659 (3d Cir.1983) with the district court's decision in the case at hand relying on Quinn v. Country Club Soda