**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VIRGINIA REDDING, individually, and
on behalf of all similarly situated plan
participants, and as representative of
AT&T Pension Plan,

       Plaintiff-Appellant,

v.

AT&T CORPORATION, a New York
corporation; AT&T EMPLOYEES'
BENEFIT COMMITTEE, AT&T
PENSION PLAN,

       Defendants-Appellees.

Case No. 96-1394

(D.C. 96-WY-807-CB)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Plaintiff Virginia Redding appeals the district court's order dismissing her claims

against the defendants AT&T Corporation ("AT&T"), AT&T Employees' Benefit

Committee, and AT&T Pension Plan pursuant to the Employee Retirement Income

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001--1461.  The district court found that two of Ms Redding's claims challenged conduct occurring before ERISA's effective date (January 1, 1975) and that her third claim, although addressing conduct occurring in 1995, did not allege a violation of ERISA.  For the reasons set forth below, we conclude that the district court properly dismissed Ms. Redding's complaint.[1]

## I.  BACKGROUND

Ms. Redding's complaint alleges that she began working for a subsidiary of AT&T in 1942, and remained there until 1984.  From 1984 until her retirement on June 1, 1989, she worked for AT&T.  During her employment, she took twelve pregnancy-related leaves of absence.  She currently receives a monthly annuity reflecting forty-one years, five months total adjusted service but not reflecting 854 days' maternity leave.[2]

In November 1994, Ms. Redding requested the administrators of AT&T's Pension Plan to adjust her benefits by providing her service credit for her 854 days of maternity leave, thereby treating maternity leave in the same manner as they treated other absences from work for temporary medical disabilities.  The AT&T administrators denied her

---

[1]     After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. 34(f); 10th Cir. R. 34.1.9.  This case is therefore ordered submitted without oral argument.

[2]     According to Ms. Redding's complaint, she did receive service credit for the first thirty days of each of these pregnancy-related leaves of absence. See Aplt's App. at 9, ¶ 34 (Plaintiff's complaint, filed April 5, 1996).

request in a letter dated March 20, 1995, and she then appealed this decision to AT&T's Employee Benefits Committee, the entity responsible for handling appeals of administrative claims. The Employee Benefits Committee denied Ms. Redding's request for a recalculation of benefits on October 11, 1995.

In April, 1996, Ms. Redding filed the instant action in federal district court alleging three claims for relief under ERISA against the AT&T Corporation, the AT&T Employees Benefit Committee, and the AT&T Pension Plan.[3] Ms. Redding asserted the claims individually and also sought class certification under Fed. R. Civ. P. 23 on behalf of all female employees of AT&T who took pregnancy-related leaves of absence and for whom the AT&T officials excluded all or part of these leave periods in calculating pension benefits. Ms. Redding sought a declaratory judgment that she and other similarly-situated AT&T employees were entitled to past and future benefits under the pension plan and that AT&T officials' practice of excluding pre-1979 maternity leave in calculating service credit and pension benefits violated ERISA. See Aplt's App. at 17-19 (Plaintiff's complaint).

In her first cause of action, Ms. Redding alleged that in denying her request for additional benefits, the AT&T officials breached their fiduciary duty under 29 U.S.C. § 1104 by failing to discharge their responsibilities in accordance with Plan provisions, exercising their discretion to deny her request for benefits, and perpetuating a

---

[3] We refer to these defendants collectively as "the AT&T officials."

discriminatory system on the basis of gender. In particular, Ms. Redding maintained that, before 1979, the AT&T officials treated pregnancy-related absences differently from absences due to other temporary disabilities for purposes of determining pension benefits. In her second cause of action, Ms. Redding sought to recover benefits under the AT&T Pension Plan pursuant to 29 U.S.C. §1132(a)(1)(B), which authorizes civil actions by participants and beneficiaries to recover benefits under a plan, to enforce the terms of a plan, and to clarify rights to future benefits under a plan. Finally, in her third cause of action, Ms. Redding alleged that the AT&T officials denied her June 1995 written request for certain documents pertaining to AT&T's pension benefits policies concerning pregnancy-related leave. Ms. Redding asserted that the refusal to provide her these documents had deprived her of a full and fair administrative review of her claim for benefits.

The district court dismissed all of Ms. Redding's claims pursuant to Fed. R. Civ. P. 12(b)(6). As to her claims for breach of fiduciary duty and denial of benefits, the court reasoned that ERISA did not apply to pre-1975 conduct. It determined that the acts underlying Ms. Redding's claims occurred in the 1950s and 1960s, when Ms. Redding took maternity leave. The court rejected Ms. Redding's argument that the AT&T officials' 1995 denial of her request for a recalculation of benefits, constituted actionable post-1975 conduct under ERISA. To the district court, the 1995 denial "simply reported the effect of these decisions [the application of AT&T's maternity leave policy in the

4

1950s and 1960s] to Redding in 1995" and, as a result, could not support an ERISA claim. Aplt's App. at 127 (district court order filed July 25, 1996).[4] As to her claim for denial of a full and fair administrative review, the district court reasoned that Ms. Redding's complaint "establishe[d] that she knew what evidence the [Employee Benefits Committee] relied on, she had an opportunity to address the accuracy and reliability of the evidence, and [the Committee] considered the evidence she presented before making its decision." See id.[5]

## II. DISCUSSION

On appeal, Ms. Redding first argues that the district court erred in concluding that ERISA does not apply to her first two causes of action. She asserts that her claims are directed at the AT&T officials' 1995 denial of her request for a recalculation of benefits

---

[4] The court also observed that although statutes such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1--2000e-17; the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, proscribed certain kinds of discrimination in the provision of employee benefits, ERISA did not do so. The court also noted that after Congress passed the Pregnancy Discrimination Act, AT&T amended its plan to provide service credit for maternity leaves. Aplt's App. at 125 (district court order filed July 25, 1996).

[5] The court also dismissed Ms. Redding's breach of fiduciary duty claim on alternative grounds, under the statute of limitations set forth in 29 U.S.C. § 1113. The court concluded that Ms. Redding should have known she was not receiving credit for her maternity leaves at the time she took the leaves. The court stated that Ms. Redding could not argue that her claim arose in 1995 when her request for recalculation was denied, because that would "bootstrap[]" old claims and actions to demands or requests made on present plan administrators. Aplt's App. at 128 (district court order filed July 25, 1996).

rather than pre-1975 conduct to which ERISA does not apply. As to her third cause of action, she argues that she has sufficiently alleged that AT&T officials' refusal to produce documents deprived her of a full and fair review of her claim for benefits.

We review de novo the grant of a motion to dismiss for failure to state a claim, applying the same standards as the district court. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). We accept all of the complaint's well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. Id. Dismissal for failure to state a claim is warranted only if the plaintiff can prove no set of facts that would entitle her to relief. Id. Nevertheless, the plaintiff must allege sufficient facts on which a recognized legal claim may be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "Conclusory allegations, without supporting factual averments are insufficient to state a claim." Id.

A. Claims for Breach of Fiduciary Benefits and Denial of Benefits.

In order to prevail on her claims for breach of fiduciary duty and denial of benefits, Ms. Redding must establish: (1) that the AT&T officials' conduct is governed by ERISA; and (2) that the AT&T pension plan gives the responsible officials the ability and discretion to award her the subject benefits; and (3) that the AT&T officials abused their discretion in denying her the requested benefits. See Pratt v. Petroleum Prod. Mgmt.,

6

Inc., Employee Sav. Plan & Trust, 920 F.2d 651, 657-58 (10th Cir. 1990) (discussing ERISA claims against fiduciaries).

In order to resolve the first issue--whether ERISA governs the conduct alleged by Ms. Redding--we must apply 29 U.S.C. § 1144. Section 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 1144(b)(1) states: "This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975." 29 U.S.C. § 1144(b)(1). Accordingly, if the plaintiff's cause of action arose before January 1, 1975, or if the defendant's acts and omissions occurred before that date, ERISA does not apply. See Quinn v. Country Club Soda Co., Inc. 639 F.2d 838, 840-41 (1st Cir. 1981). (explaining that "[t]he clear practical import of the act or omission clause is to prevent past conduct of pension plan fiduciaries and contributors from being judged retroactively under the standards established by ERISA simply because the conduct generates consequences subsequent to the ERISA effective date that gives rise to what is, technically, an independent 'cause of action.'" Id. quoting 29 U.S.C. § 1144(b)(1)).[6]

---

[6] In light of section 1144(b)(1), courts must consider both when a cause of action arises and when the defendants' acts and omissions occurred in order to determine whether ERISA applies. Courts applying section 1144(b)(1) have generally agreed that a cause of action does not arise until the plaintiff has made a claim for benefits and the plaintiff's claim has been denied. See Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund, 979 F.2d 444, 451 (6th Cir. 1992); Tanzillo v. Local Union 617, Int'l Bhd. of Teamsters, 769 F.2d 140, 144 (3d Cir. 1985); Menhorn v. Firestone Tire &

In the instant case, Ms. Redding seeks to avoid the application of § 1144(b)(1) by characterizing her complaint as directed at post-1975 conduct of the AT&T officials. In particular, in explaining the allegations of the complaint, Ms. Redding states that both her claim for a breach of fiduciary duty and her claim for a denial of benefits challenge conduct that occurred in 1995--the AT&T officials' denial of her claim for benefits. According to Ms. Redding, it is this denial rather than the operation of AT&T's maternity leave policies in the 1950s and 1960s that constitutes the violation of the specified ERISA provisions. As described by Ms. Redding, her claims resemble those described by the Ninth Circuit as governed by ERISA:

---

Rubber Co., 738 F.2d 1496, 1500-1501 (9th Cir. 1984), Quinn, 639 F.2d at 840; Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc., 637 F.2d 357, 361 (5th Cir. 1981). However, in conducting the second inquiry under § 1144(b)(1)--determining when the defendant's acts or omissions occurred--courts have taken two different approaches See Stevens, 979 F.2d at 451 (discussing competing views).

   Under the first approach, the court examines the basis for the denial of benefits. If the denial "is based on events that occurred and plan provisions adopted before 1975, then the denial is not reviewable." See id.; see also Menhorn, 738 F.2d at 1501 (adopting the basis-of-denial approach if the denial "was merely the inexorable consequence" of pre-1975 events); Lamontagne v. Pension Plan of United Wire, Metal, & Mach. Pension Fund, 869 F.2d 153, 157 (2d Cir. 1989) (same); Quinn, 639 F.2d at 841 (same). Under the second approach, courts examine only the date of the denial of benefits. See Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989) (adopting date of denial of benefits approach); Tanzillo, 769 F.2d at 144 (same). Under the second approach, if the denial of benefits occurred after January 1, 1975, ERISA applies.

   This Circuit has not yet addressed the issue of how to determine the relevant "act or omission" under 29 U.S.C. § 1144(b)(1). However, in light of Ms. Redding's explanation that her complaint challenges acts that occurred in 1995--the AT&T officials denial of her request for benefits under the current Plan--we need not resolve this question here.

8

> Cases such as the one at bar [involving acts or omissions prior to 1975] must be distinguished from those in which benefits have been denied as the result of a significant act of discretion under or interpretation of the plan which took place after ERISA's effective date. A plan provision requiring discretion or interpretation does not work to deny an individual benefits until specifically applied to him. A denial of benefits pursuant to such a provision thus operates simultaneously as *both* the event triggering accrual of a cause of action *and* the substantial act resulting in the denial of benefits. . . . It would therefore not fall within either clause of § 1144(b)(1), and would under § 1144(a) be subject to ERISA.

Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1502-03 (9th Cir. 1984) (emphasis in original). Accepting Ms. Redding's characterization of her claims as directed at conduct occurring in 1995, we must therefore determine whether she has sufficiently alleged that the defendant AT&T officials engaged in "a significant act of discretion" in interpreting the Plan and denying her request for benefits. See id. at 1503.

Our review of Ms. Redding's complaint indicates that her allegations of a breach of fiduciary duty and a wrongful denial of benefits are wholly conclusory. The complaint does allege that the AT&T officials had "'discretionary authority and control to manage the operation and administration of the Plan'" and that, when denying her 1995 request for a recalculation of her benefits, AT&T officials "'were exercising their discretion under the [Plan].'" See Aplt's App. at 13, ¶ 47-48 (Plaintiff's complaint) (quoting the Plan). However, we can discern no factual averments in Ms. Redding's complaint or in her arguments to the district court and this court regarding the particular provisions of the

9

Plan in effect in 1995 that entitled her to the retroactive benefits that she seeks or that vested AT&T officials with the discretion to award such benefits.

We acknowledge that a plaintiff may establish a wrongful denial of benefits or a breach of fiduciary duty if she demonstrates that "the trustees have . . . 'imposed a standard not required by the plan's provisions or interpreted the plan in a manner inconsistent with its plain words.'" Shelden v. Barre Belt Granite Employer Union Pension Fund, 25 F.3d 74, 80 (2d Cir. 1994) (quoting Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593, 599 (2d Cir. 1983)). However, in this instance, Ms. Redding's general reference to discretionary authority, unsupported by any references to plan provisions that would support her entitlement to the subject benefits, constitutes a conclusion that is insufficient to state a claim. We note that several courts have dismissed ERISA claims based on similarly conclusory assertions. See, e.g., Panaras v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791-94 (7th Cir. 1996) (affirming Fed. R. Civ. P. 12(b)(6) dismissal of ERISA claim involving allegation of a bad faith violation of ERISA's disclosure requirements because the plaintiff failed to support legal conclusions with appropriate factual allegations); Challenger v. Local Union No. 1, Int'l Bridge, Structural, & Ornamental Ironworkers, 619 F.2d 645, 649 (7th Cir. 1980) (affirming dismissal of ERISA claim for breach of fiduciary duty because "[t]he allegations of the complaint add up to nothing

10

more than the fact that the trustees have interpreted the plan and the legal conclusion that their interpretation is incorrect").

Accordingly, we conclude that the district court properly dismissed Ms. Redding's claims for breach of fiduciary duty and denial of benefits for failure to state a claim upon which relief can be granted.[7]

## B. Claim for Denial of Full and Fair Review

In pursuing her claim for the recalculation of benefits, Ms. Redding alleges that she requested "all documents" concerning the following matters: (1) any of the issues raised in her own claim for additional benefits; (2) any claims raised by other AT&T Pension Plan participants regarding recalculation of benefits concerning periods of pregnancy-related leave prior to 1979; (3) any of the issues raised in Pallas v. Bell, 940 F.2d 1324 (9th Cir. 1991); and (4) any of the issues raised in Carter v. American Telephone and Telegraph Co., 870 F. Supp. 1438 (S.D. Ohio 1994). See Aplt's App. at 15-16, ¶ 55 (Plaintiff's complaint). She also sought a list of names, addresses, and telephone numbers of all plan participants who had made claims for the recalculation of benefits based on the credit given for pre-1979 maternity leave and "[d]ocuments reflecting the Plan Administrator's and Employees' Benefit Committee's decision" with

---

[7] Our holding that Ms. Redding's conclusory allegations do not state a claim, forecloses analysis of the parties' arguments regarding the applicable statute of limitations for claims alleging the breach of a fiduciary duty.

11

respect to each of these claims. See id. at 16, ¶ 55. According to Ms. Redding, AT&T officials' refusal to provide these documents effectively prevented her from obtaining a full and fair administrative review of her claims.

ERISA provides that employee benefit plans must provide notice in writing of the denial of claims for benefits and that this notice must explain the reasons for the decision. See 29 U.S.C. § 1133(1). Employee benefit plans must also "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2).

We have explained that full and fair review under § 503(2) means "'knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.'" Sage v. Automation, Inc. Pension Plan & Trust, 845 F.2d 885, 893-94 (10th Cir. 1988) (quoting Grossmuller v. International Union, United Auto.Workers, Local 813, 715 F.2d 853, 858 n.5 (3d Cir. 1983)). ERISA specifies the materials that plan participants are entitled to receive: "the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Additionally, plan participants are entitled to certain statements regarding

12

the assets and liabilities of the plan and the plan's receipts and disbursements. See 29 U.S.C. § 1024(b)(3).

We agree with the district court that Ms. Redding's contention that she was denied a full and fair review does not state a claim upon which relief can be granted. Ms Redding has not alleged that she did not receive any of the particular documents to which she is entitled under the ERISA sections cited above. Moreover, her allegation that production of the broad categories of documents listed in her complaint was necessary to afford her a full and fair review of her claim is conclusory. In any event, the production of such a broad class of litigation-related documents and documents concerning the claims of other participants is not required to provide a full and fair review of claims for benefits. See Sage, 845 F.2d at 893-95 (discussing requirements for full and fair review); see also Brown v. Retirement Comm. of Briggs & Stratton Retirement Plan, 797 F.2d 521, 539 (7th Cir. 1986) (concluding that the opportunity to submit documentary evidence, consideration of evidence submitted, and explanation of evidence relied upon satisfied full and fair review requirement of 29 U.S.C. § 1133(2)).[8] The fact that Ms.

---

[8] In her appellate brief, Ms. Redding also argues that the explanation of the denial of her claim for benefits provided by AT&T officials was insufficient under 29 U.S.C. § 1133. Because Ms. Redding's complaint focused entirely on the failure to provide documents and did not challenge the adequacy of the explanation of the denial of her claim, we will not consider this argument in this appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (refusing to consider argument raised for the first time on appeal).

Redding did not receive all of the documents that she requested does not state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons stated above, we affirm the district court's order dismissing Ms. Redding's complaint for failure to state a claim upon which relief can be granted.

The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

14